WILLIAM R. TAMAYO -- #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
DEBRA A. SMITH -- #147863 (CA)
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone:  (415) 625-5653
Facsimile:  (415) 625-5657

E-filing

Attorneys for Plaintiff Equal Employment Opportunity Commission

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 10    0152

HRL

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) | Civil Rights-Employment |
| MONTEREY GOURMET FOODS, INC., | ) ) | Discrimination |
| Defendant. | ) ) | DEMAND FOR JURY TRIAL |
| | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil

Rights Act of 1991 and Title I of the Americans with Disabilities Act of 1990, to correct

unlawful employment practices on the basis of sex, disability and retaliation, and to provide

appropriate relief to Maria Delores Perez, Juanita Velasquez, Maria Isabel Lucio and Manuel

Soto who were adversely affected by such practices.  Defendant Monterey Gourmet Foods, Inc.

subjected these Charging Parties to unlawful harassment based on their sex and unlawfully

retaliated against them when they complained about the unlawful hostile work environment, as

**COMPLAINT FOR DISCRIMINATION**                                                           Page 1

alleged with greater particularity in Paragraphs 9, 10, 11 and 16 below. Defendant also

discriminated against these Charging Parties based on disability when it unlawfully commingled

their confidential medical records with its personnel and payroll records, as alleged with greater

particularity in Paragraph 21 below.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title

VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("CRA"), and Section

107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a) ("ADA"), which

incorporates by reference Section 706(f)(1) and (3) of Title VII and Section 102 of the CRA.

2.      The employment practices alleged to be unlawful were committed in the State of

California, in the City of Salinas in the County of Monterey, within the jurisdiction of the United

States District Court for the Northern District of California. Venue is therefore proper in the

United States District Court for the Northern District of California.

## INTRADISTRICT ASSIGNMENT

3.      This action is appropriate for assignment to the San Jose Division of this Court as

the alleged unlawful practices were committed in Monterey County which is within the

jurisdiction of the San Jose Division.

## PARTIES

4.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is

the agency of the United States of America charged with the administration, interpretation and

enforcement of Title VII and the CRA, and is expressly authorized to bring this action by Section

706(f)(1) and (3) of Title VII, and Section 102 of the CRA. The Commission is also charged

**COMPLAINT FOR DISCRIMINATION**                                                           Page 2

with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, which incorporates by reference Section 706(f)(1) and (3) of Title VII and Section 102 of the CRA.

5.     At all relevant times, Defendant, Monterey Gourmet Foods, Inc. (the "Employer"), a Delaware corporation, has continuously been doing business in the State of California and the County of Monterey, and has continuously had at least 15 employees.

6.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h), and Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

7.     At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

8.     More than thirty days prior to the institution of this lawsuit, Maria Delores Perez, Juanita Velasquez, Maria Isabel Lucio and Manuel Soto each filed a charge with the Commission alleging violations of Title VII by Defendant.  The Commission has fulfilled all conditions precedent to the institution of this lawsuit, including investigation, determination of reasonable cause and conciliation.

## FIRST CLAIM FOR RELIEF

### Violation of Title VII:  Sex Discrimination

9.     Since at least August 2006, Defendant Monterey Gourmet Foods, Inc. engaged in unlawful practices of sex discrimination in its Moffett Street facility in Salinas, California in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting the

COMPLAINT FOR DISCRIMINATION                                                        Page 3

Charging Parties to a hostile, abusive, intimidating and offensive work environment because of their sex. This sex harassment was committed by one of Defendant Employer's Moffett Street facility foremen, Salvador Gonzalez, and other employees at this location.

10.    The conduct included, inter alia, Foreman Gonzalez' obscene sexual banter, verbal harassment, exhibitionism, texting of pornography, groping and other inappropriate touching of employees, and simulating sexual intercourse with other employees. This sexual harassment was intimidating, offensive and unwelcome to the Charging Parties. The sexual harassment was so notorious and pervasive that it created a hostile working environment. The Charging Parties complained about Foreman Gonzalez' sexual harassment to Defendant Employer's Human Resources Department Managers. Defendant Employer knew or should have known of the harassment.

11.    Despite Defendant Employer's knowledge of the sexual harassment, the conduct continued. Defendant Employer took no prompt or effective action to end the harassment.

12.    The effect of the actions complained of in Paragraphs 9, 10 and 11 above has been to deprive the Charging Parties of equal employment opportunities and otherwise adversely affect their status as employees based on sex.

13.    The unlawful employment practices complained of in Paragraphs 9, 10 and 11 above were intentional.

14.    The unlawful employment practices complained of in Paragraphs 9, 10 and 11 above were done with malice or with reckless indifference to the federally protected rights of the Charging Parties.

///

///

///

COMPLAINT FOR DISCRIMINATION                                                      Page 4

## SECOND CLAIM FOR RELIEF

### Violation of Title VII: Retaliation

15. Plaintiff Commission incorporates the allegations of Paragraphs 1 through 8 above as though fully set forth in this Second Claim for relief.

16. Since at least May 2008, in addition to the harassment referenced in the First Claim, Defendant Monterey Gourmet Foods, Inc. engaged in unlawful employment practices at its Moffett Street facility in Salinas, California in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by engaging in adverse employment actions against the Charging Parties in retaliation for their opposition to and rejection of the discrimination referenced in Paragraphs 9 through 11 above, including but not limited to termination with no prior notice or termination as a result of being laid-off and not recalled.

17. The effect of the action complained of in Paragraph 16 above has been to deprive Charging Parties of equal employment opportunities and otherwise adversely affect their status as employees because of their protected activity.

18. The unlawful employment practices complained of in Paragraph 16 above were intentional.

19. The unlawful employment practices complained of in Paragraph 16 above were done with malice or with reckless indifference to the federally protected rights of the Charging Parties.

## THIRD CLAIM FOR RELIEF

### Violation of ADA:  Commingling of Confidential Medical Records

20. Plaintiff Commission incorporates the allegations of Paragraphs 1 through 8 above as though fully set forth in this Third Claim for relief.

21. Since at least August 2006, Defendant Monterey Gourmet Foods, Inc. has engaged in unlawful employment practices at its Moffett Street facility in Salinas, California, in

COMPLAINT FOR DISCRIMINATION

violation of Section 102(d)(3)(B) of Title I of the ADA, 42 U.S.C. § 12112(d)(3)(B), by

obtaining but failing to maintain information regarding certain medical conditions of the

Charging Parties as confidential medical records.

22.    The effect of the practices complained of in Paragraph 21 above has been to

deprive the Charging Parties of equal employment opportunities and otherwise adversely affect

their status as employees because of disability.

23.  The unlawful employment practices complained of in Paragraph 21 above were

intentional.

24.  The unlawful employment practices complained of in Paragraph 21 above were done

with malice or with reckless indifference to the federally protected rights of the Charging Parties.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Monterey Gourmet Foods,

Inc., its officers, agents, successors, assigns, employees and all persons in active concert or

participation with them, from engaging in discrimination against their employees including

harassment based on sex and disability, and retaliation.

B.    Order Defendant Employer to institute and carry out policies, practices, and

programs which prohibit discrimination based on disability, harassment based on sex and

retaliation, and which eradicate the effects of its past and present unlawful employment

practices.

C.    Order Defendant Employer to make whole Charging Parties by providing

appropriate backpay and benefits with prejudgment interest, in amounts to be determined at trial,

and other affirmative relief necessary to eradicate the effects of its unlawful employment

practices, including but not limited to reinstatement and/or front pay and other appropriate relief to be determined at trial.

D.  Order Defendant Employer to make whole Charging Parties by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to such out-of-pocket expenses as medical care necessitated by Defendant Employer's unlawful conduct, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Charging Parties by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.      Order Defendant Employer to pay Charging Parties punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
 Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, D.C. 20507

Date: _____1/8/10_____, 2010

Date: _____1/8_____, 2010

Date: _____1/8/10_____, 2010

William R. Tamayo
Regional Attorney

Jonathan T. Peck
Supervisory Trial Attorney

Debra A. Smith
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260

**COMPLAINT FOR DISCRIMINATION**                                   Page 8