IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>   Plaintiff,<br> v.<br><br>Monterey Gourmet Foods, Inc.,<br><br>   Defendant. | NO. C 10-00152 JW<br><br>**REVISED ORDER GRANTING MOTION TO INTERVENE** |

Presently before the Court is Intervenor Plaintiffs' Motion for Leave to Intervene.[1] The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Plaintiff and Defendant have both filed Statements of Non-Opposition. (See Docket Item Nos. 10, 21.) Intervenor Plaintiffs seek to intervene in this action to bring federal and state law claims against Defendant.

Under Federal Rule of Civil Procedure 24, "[o]n timely motion, the court must permit anyone to intervene who . . . (1) is given an unconditional right to intervene by a federal statute." When the EEOC brings a civil action against an employer under Title VII, federal law provides that "the charging party [*i.e.*, the aggrieved employee] may intervene as a matter of right." E.E.O.C. v. Federal Exp. Corp., 558 F.3d 842, 849 (9th Cir. 2009). In determining timeliness under Rule 24, a court should consider "(1) the stage of the proceeding; (2) prejudice to other parties; and (3) the

---

[1] (hereafter, "Motion," Docket Item No. 9.) Intervenor Plaintiffs are Maria Dolores Perez, Manuel Soto, Juanita Velasquez, and Maria Isabel Lucio.

reason for and the length of the delay." <u>Alaniz v. Tillie Lewis Foods</u>, 572 F.2d 657, 659 (9th Cir. 1978).

In this case, Intervenor Plaintiffs are the charging parties in the EEOC's Complaint. (<u>See</u> Complaint ¶ 8.) As the charging parties, they have a right to intervene under Title VII if their Motion is timely. Intervenor Plaintiffs filed their Motion on March 10, 2010, approximately two months after the Complaint was filed. No discovery schedule has been set in this case, and it appears that Defendant would not suffer prejudice if the Court granted the Motion. In light of the early stage of the proceedings and the lack of prejudice to Defendant, the Court finds that Intervenor Plaintiffs may intervene in this case.

Accordingly, the Court GRANTS Intervenor Plaintiffs' Motion. On or before **June 7, 2010**, Intervenor Plaintiffs shall filed their Complaint in Intervention.

In light of this Order, the Court CONTINUES the Case Management Conference currently set for June 7, 2010 to **June 28, 2010 at 10 a.m.** provide all parties sufficient time to meet and confer. On or before **June 18, 2010**, the parties shall file a Joint Case Management Statement. The Statement shall include, among other things, a good faith discovery schedule with a proposed date for the close of all discovery.

Dated: May 27, 2010

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Debra A. Smith debra.smith@eeoc.gov
Jack C. Provine jprovine@sbllp.com
Jonathan T. Peck Jonathan.Peck@eeoc.gov
Lisa Janine Cisneros lcisneros@crla.org
Michael L. Meuter mmeuter@crla.org
Rhonda Darlene Shelton-Kraeber rshelton@sbllp.com
William Robert Tamayo william.tamayo@eeoc.gov

**Dated: May 27, 2010**                                                            **Richard W. Wieking, Clerk**

                                                                                               **By:   /s/ JW Chambers**
                                                                                                         **Elizabeth Garcia**
                                                                                                         **Courtroom Deputy**