*E-FILED 10-06-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>MARIA DOLORES PEREZ, MANUEL SOTO, JUANITA VELASQUEZ and MARIA ISABEL LUCIO,<br><br>　　　　　Plaintiffs/Intervenors,<br>　v.<br><br>MONTEREY GOURMET FOODS, INC.,<br><br>　　　　　Defendant.<br>_____/ | No. C10-00152 LHK (HRL)<br><br>**ORDER RE PLAINTIFFS/INTERVENORS' MOTION FOR PROTECTIVE ORDER**<br><br>[Re: Docket No. 30] |

　　　Plaintiffs/Intervenors move for a protective order. Defendant Monterey Gourmet Foods, Inc. (MGF) opposes the motion. The Equal Employment Opportunity Commission (EEOC) has not offered any statement in connection with this discovery dispute. The matter is deemed appropriate for determination without oral argument, and the October 12, 2010 hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, this court issues the following order.

　　　The EEOC filed this action against MGF alleging, among other things, sexual harassment and retaliation in violation of Title VII, 42 U.S.C. § 2000e-2 and § 2000e-3. The aggrieved persons subsequently were permitted to intervene, and they filed a complaint alleging

1  sexual harassment, gender discrimination, retaliation, and wrongful termination in violation of
2  federal and state laws.
3        MGF served notices for the depositions of each intervenor, requesting the production of
4  all documents relevant to the claims being asserted in this action.  (This court is told that all of
5  these depositions have been completed, with the exception of one that was taken off-calendar at
6  intervenors' request).  On the eve of the first deposition, intervenors' counsel advised MGF's
7  counsel that she had recordings of two separate conversations between unnamed intervenors
8  and unnamed MGF employees.  The tapes were made by the unnamed intervenors prior to this
9  litigation and without the knowledge or consent of the MGF employees in question.  The
10  intervenors claim that, at the time the recordings were made, they were unaware of the legal
11  implications of their actions.  They say that they taped these conversations solely to protect
12  themselves and in the hopes of prompting MGF's human resources department to take action
13  with respect to their complaints of harassment.
14        There is no dispute that the recordings are relevant and responsive to MGF's document
15  requests.  Nevertheless, the intervenors agree to produce the tapes to defense counsel only on
16  certain conditions, including that (a) the recordings not be made known to, or shared with, the
17  MGF employees' whose statements were recorded and (b) MGF must agree not use the
18  recordings in any way without the court's advance blessing.  MGF refused these conditions and
19  instead proposed that the recordings need not be produced at all *if* intervenors agree not to use
20  the recordings in any way—i.e., agree that the tapes will not be "used, shown to, referred to,
21  commented on, or used to interrogate any witness by any plaintiff, plaintiffs' witnesses or
22  plaintiffs' counsel at any time."  (Shelton Decl. ¶ 7, Ex. B).  Intervenors rejected this proposal,
23  reserving the right to make any use of the recordings that they believe falls within the law.
24  Here, intervenors' counsel pointed out that if the MGF employees in question learned of the
25  existence of the tapes, then intervenors would know that the "leak" had come from defense
26  counsel and that intervenors would use any such "leak" as evidence of retaliation.  (*Id*.).
27        The parties having reached an impasse, intervenors now move for a protective order
28  essentially precluding anyone other than defense counsel and MGF's president from knowing

about, accessing, or listening to the recordings. They further request that defense counsel and MGF's president be expressly prohibited from disclosing to anyone the identities of the recorded persons. MGF maintains that if intervenors intend to use the recordings in any way in this proceeding, then MGF should be permitted to disclose the existence of the tapes to the persons whose conversations were recorded and to conduct any appropriate follow-up discovery.

Upon a showing of "good cause," courts may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in discovery by "specifying terms, including time and place, for the disclosure or discovery." FED. R. CIV. P. 26(c)(1)(B). Here, intervenors say that a protective order is necessary to prevent MGF or the MGF employees whose statements were unknowingly recorded from retaliating against them for making the tapes—i.e., from pursuing any legal action for the surreptitious recordings. Intervenors argue that, without such a protective order, the instant lawsuit will become unduly complicated. MGF contends that if intervenors wish to make use of the recorded conversations, then they will need to face the possible consequences of their actions, including any legal remedies which MGF or the recorded employees may be entitled to pursue.

Now, for the first time in their reply papers, intervenors say that they agree not to use or refer to the recordings in any way and will, with that agreement, withhold the tapes from production. That essentially is the deal proposed by MGF during the parties' meet-and-confer negotiations. Alternatively, intervenors say that if the tapes are produced, then they believe that the production should be made pursuant to the terms of the protective order they seek, or at the very least, under terms similar to those issued in *Roberts v. Americable, Int'l, Inc.*, 883 F. Supp. 499 (E.D. Cal. 1995).

This court will leave it up to intervenors:

If the parties agree (as they seem willing to do) to the non-production of the tapes in exchange for intervenors' agreement not to use or refer to the recordings in any way, then the instant motion is deemed moot.

However, if intervenors wish to make use of the recordings, then this court agrees that on balance, and in the interests of justice, MGF should be permitted to review the recordings, make its own judgments as to their contents, disclose the existence of the tapes to the persons whose conversations were recorded to avoid any unfair surprise at deposition or trial, and to conduct any appropriate follow-up discovery. *See Roberts*, 883 F. Supp. at 505 (holding that the interests of justice required that plaintiff's former supervisor be given an opportunity to review secret recordings prior to his deposition). *See also Costa v. AFGO Mechanical Servs., Inc.*, 237 F.R.D. 21 (E.D.N.Y. 2006) (denying motion for protective order and agreeing that where a recording was obtained "in a less than forthright manner," then the tape should be disclosed) (quoting *Roberts*, 883 F. Supp. at 505). Should intervenors choose this option, the tapes shall be produced to MGF within 14 days from the date of this order, and their motion to preclude anyone except MGF's president and defense counsel from knowing about, accessing or listening to the tapes is denied. Nevertheless, use of the recordings will be subject to the following terms:

1. Only parties to this action, and their counsel, may listen to the tapes (or read any transcripts of the recordings).

2. Non-parties may listen to recordings or review transcripts of their own conversations, but not those of anyone else.

3. The recordings shall be deemed "Confidential" and shall be marked accordingly.

4. The recordings shall be used solely in connection with prosecuting, defending, or settling this action, or preparing for trial, or any related appellate proceeding.

5. Nothing in this order, however, shall be construed as prohibiting MGF or the recorded employees from pursuing appropriate legal remedies, if any, they may have with respect to the recordings.

SO ORDERED.

Dated: October 6, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:10-cv-00152-LHK Notice has been electronically mailed to:

Daniel Peralta Torres , Jr    dtorres@crla.org

Debra A. Smith     debra.smith@eeoc.gov, jonathan.peck@eeoc.gov, pat.tickler@eeoc.gov, william.tamayo@eeoc.gov

Jack C. Provine     jprovine@sbllp.com, nmino@sbllp.com

Jonathan T. Peck     Jonathan.Peck@eeoc.gov

Lisa Janine Cisneros     lcisneros@crla.org

Lisel Anne Holdenried     lholdenried@crla.org

Michael L. Meuter     mmeuter@crla.org

Rhonda Darlene Shelton-Kraeber     rshelton@sbllp.com, dmckay@sbllp.com

William Robert Tamayo     william.tamayo@eeoc.gov, pat.tickler@eeoc.gov

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.