*E-FILED 02-08-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>MARIA DOLORES PEREZ, MANUEL SOTO, JUANITA VELASQUEZ and MARIA ISABEL LUCIO,<br><br>    Plaintiffs/Intervenors,<br>v.<br><br>MONTEREY GOURMET FOODS, INC.,<br><br>    Defendant.<br>_____/ | No. C10-00152 LHK (HRL)<br><br>**ORDER RE PARTIES' REQUEST FOR CLARIFICATION OF DISCOVERY ORDER**<br><br>[Re: Docket No. 39] |

    Intervenors previously moved for a protective order as to recordings of conversations between certain intervenors and other employees of defendant Monterey Gourmet Foods, Inc. (MGF). The recordings in question were made by unnamed intervenors prior to this litigation without the knowledge or consent of the unnamed MGF employees in question. In essence, intervenors sought an order (a) providing that, if produced, the recordings would not be made known to or shared with anyone other than MGF's president and defense counsel; and (b) prohibiting MGF from using the recordings in any way, unless it first obtained leave of court. The specific focus of intervenors' distress was that the MGF employees in question might seek legal remedies with respect to the surreptitious recordings because there is no dispute that non-

consensual recordings are illegal under California law. During meet-and-confer negotiations leading up to the motion for protective order, MGF proposed that the recordings need not be produced at all, so long as intervenors agreed not to use the recordings in any way whatsoever. Intervenors rejected this proposal, reserving the right to use the recordings for any purpose they believed to be legal. In their reply brief on the underlying motion for protective order, however, intervenors indicated, for the first time, that they were willing to agree not to use or refer to the recordings in any way and, with that agreement, would withhold the tapes from production. Alternatively, intervenors maintained that if they decided to use the tapes, then the court should impose their requested conditions as to defendant's use and dissemination of the recordings.

This court ruled that "[i]f the parties agree (as they seem willing to do) to the non-production of the tapes in exchange for intervenors' agreement not to use or refer to the recordings in any way, then the instant motion is deemed moot." (Docket No. 38, October 6, 2010 Order at 3). Alternatively, if intervenors chose to produce the tapes, the court agreed that certain provisions limiting the use and dissemination of the information would apply. However, the court declined to place restrictions on MGF or the affected employees' ability to pursue their legal rights (if any) in connection with the recordings. (*Id*. at 4).

MGF now says that it is no longer willing to pretend that the tapes do not exist. Consequently, the parties seek an order clarifying whether intervenors still have the option of withholding the tapes, provided that the recordings will not be used or referred to in any way. If the tapes must be produced, however, then intervenors renew their request for an order prohibiting MGF and the affected employees from making any use of the tapes, including the pursuit legal remedies with respect to the secret recordings, unless they first obtain leave of court. Specifically, intervenors argue that point number 5 on page 4 of the October 6, 2010 order should be deleted.

The basis of MGF's opposition to intervenors' motion for protective order was the perceived inequity of permitting intervenors to use the tapes however they chose while simultaneously imposing restrictions on defendant's use of the tapes in preparing its defense. The October 6, 2010 order was based on this court's understanding that the option of non-

production was agreeable to all parties. Because intervenors agreed that they would not use or refer to the recordings in any way, MGF's concerns about any unfairness or surprise presumably were obviated. This court cannot help but wonder whether MGF's change of heart about non-production was prompted by the October 6, 2010 ruling that, if the tapes were produced, defendant would not be restricted in its use of the tapes (at least not in the manner proposed by intervenors). Intervenors' (previous) desire to use the tapes suggests that the contents of the recorded conversations may be beneficial to their case. And, it seems that defendant's true interest is not in discovery of the contents of the recordings, but rather, to obtain some sort of strategic leverage from the prospect of a criminal prosecution of the intervenors.

Nevertheless, there is no dispute that the recordings are relevant and responsive to defendant's discovery requests. Additionally, it seems likely that the recorded employees will be giving testimony in this matter.[1] This court sympathizes with intervenors. But, so long as both sides do not agree to the non-use/non-production of the tapes, this court feels bound to order that the recordings be produced.

As to intervenors' renewed request for the imposition of certain conditions on MGF's use of the tapes, this court agrees that general restrictions on the use and dissemination of the recordings are appropriate. Nevertheless, to the extent it was not clear from the October 6, 2010 order, this court clarifies that it will not issue an order which purports to restrict the recorded employees' ability to pursue legal rights—if any—they may have with respect to the recordings, or which requires MGF or the affected employees to first obtain the court's permission before doing so. Accordingly, the conditions set forth on page 4 of this court's October 6, 2010 order, including point number 5, stand.

SO ORDERED.

Dated:  February 8, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Moreover, "[a]ny party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter." FED. R. CIV. P. 26(b)(3)(C).

5:10-cv-00152-LHK Notice has been electronically mailed to:

Daniel Peralta Torres , Jr    dtorres@crla.org

Debra A. Smith    debra.smith@eeoc.gov, jonathan.peck@eeoc.gov, pat.tickler@eeoc.gov, william.tamayo@eeoc.gov

Jack C. Provine    jprovine@sbllp.com, nmino@sbllp.com

Jonathan T. Peck    Jonathan.Peck@eeoc.gov

Lisa Janine Cisneros    lcisneros@crla.org

Lisel Anne Holdenried    lholdenried@crla.org

Michael L. Meuter    mmeuter@crla.org

Rhonda Darlene Shelton-Kraeber    rshelton@sbllp.com, dmckay@sbllp.com

William Robert Tamayo    william.tamayo@eeoc.gov, pat.tickler@eeoc.gov

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4