1  WILLIAM R. TAMAYO  SBN 084965
   JONATHAN T. PECK   VA SBN 12303
2  DEBRA A. SMITH SBN 147863
   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
3  San Francisco District Office
   350 The Embarcadero, Suite 500
4  San Francisco, CA 94105-1260
   Tele. No. (415) 625-5651
5  Fax No. (415) 625-5657

6  *Attorneys for Plaintiff EEOC*

7  MICHAEL MEUTER  SBN 161554
   LISEL A. HOLDENRIED  SBN 255305
8  DANIEL P. TORRES, JR.  SBN 221396
   **CALIFORNIA RURAL LEGAL ASSISTANCE, INC.**
9  3 Williams Road
   Salinas, CA 93905
10 Tele. No. (831) 757-5221
   Fax No. (831) 757-6212

11
   *Attorneys for Plaintiffs/Intervenors*
12 *PEREZ, SOTO, VELASQUEZ and LUCIO*

13 JACK C. PROVINE SBN 052090
   BRUCE A. MCINTOSH
14 **SHAPIRO BUCHMAN PROVINE BROTHERS SMITH LLP**
   1333 n. California Blvd., Suite 350
15 Walnut Creek, CA 94596
   Tele. No. (925) 944-9700
16 Fax No. (925) 944-9701

17 *Attorneys for Defendant*
   *MONTEREY GOURMET FOODS, INC.*

18
                    **UNITED STATES DISTRICT COURT**
19
                    **NORTHERN DISTRICT OF CALIFORNIA**
20

| | |
|---|---|
| 21  EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| 22              Plaintiff, | **CIVIL NO. C10-00152 LHK** |
| 23  MARIA DOLORES PEREZ, MANUEL SOTO, JUANITA VELASQUEZ and | |
| 24  MARIA ISABEL LUCIO, | **CONSENT DECREE AND ORDER** |
| 25          Plaintiffs/Intervenors,<br>         v. | |
| 26 | |
| 27  MONTEREY GOURMET FOODS, INC., | |
| 28              Defendant. | |

## I. INTRODUCTION

A. Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit pursuant to Section 706(f)(1) and (3) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S,C, Section 1981a, and Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12117(a) to correct alleged unlawful employment practices on the basis of sexual harassment, retaliation and to make whole Maria Dolores Perez, Manuel Soto, Juanita Velasquez and Maria Isabel Lucio, former employees of the Defendant Monterey Gourmet Foods, Inc. ("MGF" or "the Company") aggrieved by the alleged unlawful practices ("EEOC Action"). In the EEOC Action, the EEOC alleged that 1) MGF unlawfully subjected Ms. Perez, Mr. Soto, Ms. Velasquez and Ms. Lucio to a sexually hostile work environment; 2) retaliated against them by terminating them after they complained to MGF's Human Resource Manager and subsequently engaged in protected activity by consulting with California Rural Legal Assistance ("CRLA") and filing charges of discrimination with the EEOC; and 3) that MGF comingled personnel records in violation of the Americans with Disabilities Act.

B. On May 27, 2010, the Court allowed CRLA to intervene on behalf of these four former employees ("Plaintiffs/Intervenors") and to assert their individual Title VII and related state law claims. On or about June 4, 2010, Plaintiffs/Intervenors filed a Complaint In Intervention for Damages and Injunctive Relief ("Plaintiffs/Intervenors Action") alleging violations of Title VII and the California Fair Employment and Housing Act..

C. MGF denies all allegations in both the EEOC Action and Plaintiffs/Intervenors Action.

D. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the Commission, Plaintiffs/Intervenors, and MGF ("the Parties") have agreed that the EEOC Action should be finally resolved by entry of this Consent Decree. Further, that the Plaintiffs/Intervenors and MGF will execute a separate Settlement Agreement to which the EEOC will not be a party (the "Settlement Agreement"). Neither this Consent Decree nor the separate Settlement Agreement shall constitute an adjudication and/or finding on the merits of the case.

E.  EEOC and MGF agree that this Consent Decree resolves all claims of sexual harassment, retaliation and comingling of personnel records that were raised or could have been raised in the EEOC Action, all claims arising out of EEOC Charge Numbers 556-2008-00420 and 556-2008-00520 (Perez), 556-2008-00715 (Soto), 556-2008-00529 and 556-2008-00737 (Velasquez), and 556-2008-00529 and 556-2008-00737 (Lucio), the EEOC's investigation of said charges, and the EEOC's determinations of reasonable cause.

F.  Plaintiffs/Intervenors and MGF agree that this Consent Decree and the separate Settlement Agreement jointly constitute a complete resolution of all claims arising out of the Plaintiffs/Intervenors' employment with MGF that were raised, or could have been raised in the Complaint In Intervention, including but not limited to wrongful termination and retaliation in violation of public policy under the California Constitution, and the California Labor Code Section 6310(a).

G.  This Consent Decree and the separate Settlement Agreement jointly comprise the full and exclusive agreements of the Parties with respect to the matters discussed herein.  No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties to this Consent Decree, except that any substantive change, modification or amendment of any provision of this Consent Decree shall require approval by the Court.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, IT IS ORDERED, ADJUDGED AND DECREED that:

1.  This Court has jurisdiction over the subject matter and the Parties to this action.  This Court will retain jurisdiction over this Consent Decree for all purposes until the expiration of MGF's obligations as set forth herein.

2.  The entry of this Consent Decree will further the objectives of Title VII and will be in the best interest of the Parties and the public.

3.  This Consent Decree is final and binding upon the Parties, their successors and assigns.

//

## II. SCOPE OF THE CONSENT DECREE

The duration of the Consent Decree shall be two (2) years from the date of entry of this Consent Decree, provided that MGF has complied substantially with the terms of this Consent Decree. MGF will be deemed to have complied substantially if the Court has not made any finding or orders during the term of this Consent Decree that the Company has failed to comply with any terms of this Consent Decree. During the two-year term of this Consent Decree, this Court shall retain jurisdiction over this matter and the Parties for the purpose of enforcing compliance with this Consent Decree, including issuing such orders as may be required to effectuate its purposes.

## III. GENERAL INJUNCTIVE PROVISIONS

A. <u>Discriminatory Harassment</u>:

MGF and its officers, agents, managers (including supervisory employees), successors and assigns, and all those in active concert or participation with them are enjoined from: (1) discriminating against persons on the basis of sex in the terms and conditions of employment; (2) engaging in or being a party to any action, policy or practice that is intended to or is known to them to have the effect of harassing or intimidating any employee on the basis of sex; or (3) creating, facilitating or permitting the existence of a sexually hostile work environment.

B. <u>Retaliation</u>:

MGF and its officers, agents, managers (including supervisory employees), successors or assigns, and all those in active concert or participation with them, are enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee of the Company because he or she has in the past, or during the term of this Consent Decree: (1) opposed any practice of harassment or other discriminatory acts on the basis of sex made unlawful under Title VII or the FEHA; (2) filed a Charge of Discrimination alleging any such practice; (3) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by the Company), proceeding or hearing in connection with this case; (4) was identified as a possible witness in this action; and/or (5) asserted any rights under this Consent Decree.

//

## IV. MONETARY RELIEF

A. In settlement of the EEOC and Plaintiffs/Intervenors' claims, MGF shall pay the total gross sum of $535,000.00 (FIVE HUNDRED THIRTY FIVE THOUSAND Dollars and No Cents) with all Parties to bear their own costs and fees ("Settlement Fund"). The EEOC and CRLA shall determine the gross amount of monetary relief to which each individual Plaintiff/Intervenor is entitled, as well as the amount of fees and costs to which CRLA is entitled that shall be paid from the individual Plaintiffs/Intervenors' gross monetary relief, and shall inform MGF of these amounts within ten (10) days of entry of this Consent Decree. CRLA will also determine how each Plaintiff/Intervenor's settlement award shall be divided between back pay (wages), emotional pain and suffering, and physical pain and suffering, if applicable, and shall inform MGF of these distributions at the same time it discloses the gross amount of each individual Plaintiff/Intervenor's monetary relief. The total amount owed by MGF as a result of the settlement shall not, however, exceed $535,000, and Plaintiffs/Intervenors shall bear all taxes caused by their allocation of the Settlement Fund.

B. The monetary relief for each Plaintiff/Intervenor shall be issued in checks drafted in their own names and delivered to CRLA for distribution. MGF shall make payment to the Plaintiffs/Intervenors and CRLA, in the form of a business check, cashier's check, or certified check. The Company will also issue an IRS Form 1099 to each of the Plaintiffs/Intervenors at the time it customarily issues its W-2 forms, with copies mailed to CRLA, Attention Lisel Holdenried, at 3 Williams Road, Salinas, California 93905. The Company shall also provide true and accurate copies of each of these documents to the EEOC, Attention Debra A. Smith, Senior Trial Attorney, 350 The Embarcadero, Suite 500, San Francisco, CA 94105.

C. MGF will mail each Plaintiff/Intervenor's settlement checks, and a separate check to CRLA for its fees and costs in the amount that CRLA has communicated to MGF as part of the distribution of the $535,000 Settlement Fund,to CRLA, Attention Attorney Lisel Holdenried, at 3 Williams Road, Salinas, CA 93905.

D. Payment of monetary relief to the Plaintiffs/Intervenors and attorneys fees and costs to CRLA shall be contingent on each of the Plaintiffs/Intervenors' full execution of the Settlement

Agreement.

E. Payment shall be made by MGF no later than ten (10) days after receiving the fully executed Settlement Agreement as specified in paragraph 15(D) above.

## V. SPECIFIC INJUNCTIVE RELIEF

MGF affirms the following "Statement of Zero-Tolerance Policy and Equality Objectives":

Monterey Gourmet Foods is committed to maintaining a zero-tolerance policy concerning discrimination, harassment and retaliation, to swiftly responding to any acts of harassment or retaliation of which it becomes aware; to imposing appropriate discipline designed to deter future acts of harassment or retaliation; and to actively monitoring its workplace to ensure tolerance, respect and dignity for all employees.

This paragraph does not create any individual contractual or common law causes of action or other rights that would not otherwise exist under statute.

A. **EEO and Harassment Policies:**

1. MGF shall maintain Equal Employment Opportunity ("EEO") and harassment policies which: (a) include definitions of discriminatory harassment, with specific reference to harassment based on sex; (b) include examples to supplement the definitions of harassment based on sex, including but not limited to examples of language and gestures that may be offensive in Spanish and any other languages that are spoken by a substantial number of Company employees; (c) provide for substantial and progressive discipline and/or corrective action for incidents of discriminatory harassment; (d) include strong non-retaliation language with examples to supplement the definition of retaliation; (e) provide for substantial and progressive discipline for incidents of retaliation; (f) provide that complaints of harassment and/or retaliation will be accepted irrespective of whether they are made verbally or in writing; (g) provide a timetable for commencing an investigation after a complaint is made or received and for remedial action to be taken upon conclusion of an investigation; and (h) indicate that, promptly upon the conclusion of the investigation of a complaint, the Company will communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.

2. MGF shall effectively disseminate its policies and procedures by: (a) translating them into Spanish; (b) distributing copies of the policy to all current employees within 30 days of its adoption; (c) giving a copy of the policy to and reviewing the policy with all new employees within

thirty (30) days of the employees' hire or within thirty (30) days of the policy's adoption, whichever is later; and (d) requiring each employee who receives a copy of the policies and procedures to sign a statement acknowledging their receipt of the policies.

        3.    In the event that MGF decides to revise its EEO policies and procedures during the term of the decree, MGF will submit a copy of the revised EEO and harassment policies to the EEOC, Attention Debra A. Smith, Senior Trial Attorney, for its review at least thirty (30) days before the anticipated date of implementation.  The EEOC will notify MGF within fourteen (14) days of receipt of the revised policies if it has any concerns about the proposed revisions.

    B.    <u>Complaint Procedures</u>:

        1.    MGF shall maintain a complaint procedure designed to encourage employees to come forward with complaints about violations of its harassment policy.  As part of the policy, MGF shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation.  MGF's complaint procedure and harassment policy shall notify employees that they can lodge a complaint, verbally or in writing, with their immediate supervisor, the Human Resources Department, or any other high level manager and shall provide the name and work telephone numbers for Production Line Supervisors, the Human Resources Manager, the Company Plant Manager, as well as the location of a secure drop box where employees may deliver a written complaint. Contact information for the Human Resources Manager also shall be continuously posted in a prominent place at all of MGF's business locations.

        2.    MGF will submit a copy of the complaint procedures to the EEOC at the same time it submits its certification of completion of training as required below.

    C.    <u>Posting of Notice</u>:

The attached Notice shall be translated into Spanish; and both Spanish and English copies shall be, and remain, posted in a clearly visible location frequented by employees at each of MGF's facilities during the term of this Consent Decree, and shall not be defaced or altered.

**VI.    TRAINING**

    A.    <u>Training of Hourly Employees</u>:

Within ninety (90) days of entry of an Order approving this Consent Decree, MGF will

present training in English and Spanish (and any other language principally spoken by a substantial number of employees) on sexual harassment, discrimination and retaliation to all hourly employees. Beginning in 2012, training will thereafter be held annually no later than June 30th of each calendar year, throughout the duration of this Consent Decree. The Company shall bear the cost of this training.

1. The training of hourly employees shall be a minimum of ninety (90) minutes and shall be provided by individuals with established experience in the area of employment discrimination training. The training must include examples of sexual harassment and retaliation practices that violate Title VII and FEHA, as well as an employer's obligation to take preventive, investigative and remedial action with respect to discrimination, harassment and/or retaliation complaints.

2. The training of hourly employees shall also be culturally sensitive by including examples of offensive words, such as homophobic and sexist slurs, and gestures in languages other than English, including but not limited to Spanish, depending on the number of non-English and non-Spanish speaking employees within the Company's workforce at the time of each training.

B.   Training of Managers:

Within sixty (60) days of entry of an Order approving this Consent Decree, MGF will present training in English (and Spanish if there are managers whose English skills are not sufficiently developed that they will comprehend the training) on sexual harassment, discrimination and retaliation to all management employees. Beginning in 2012, training will thereafter be held annually no later than June 30th of each calendar year, throughout the duration of this Consent Decree. The Company shall bear the cost of this training.

1. The training of managers shall be a minimum of two hours and shall be provided by individuals with established experience in the area of employment discrimination training. The training must include examples of sexual harassment and retaliation practices that violate Title VII and FEHA, as well as an employer's obligation to take preventive, investigative and remedial action with respect to discrimination, harassment and/or retaliation complaints. The training shall also inform managers of their responsibilities under the Company's anti-harassment and anti-retaliation policies and shall specifically instruct them regarding the supervisor accountability provisions in

Section VII, below.

2. The training of managers shall be culturally sensitive by including examples of offensive words, such as homophobic and sexist slurs, and gestures in languages other than English, including but not limited to Spanish, depending on the number of non-English and non-Spanish speaking employees within the Company's workforce at the time of each training.

3. Supervisors and/or managers who will assume responsibility for enforcing MGF's EEO, harassment and retaliation policies upon expiration of this Consent Decree shall also receive training on appropriate techniques for documenting and investigating complaints of harassment. The training on investigative techniques can be included as a component of the mandatory discriminatory harassment training required by California Govt. Code Section 12950.1.

C.  Acknowledgment of Training Attendance:

All persons attending mandatory anti-harassment training pursuant to this Consent Decree shall sign an acknowledgment of their attendance at the training, the date thereof, and their position with the Company. MGF shall retain the originals of these acknowledgments and provide the EEOC with copies for each such training during the duration of this Consent Decree.

**VII. POLICIES DESIGNED TO PROMOTE SUPERVISOR ACCOUNTABILITY**

A.  Communication of Potential Discipline for Engaging in Harassment:

1. MGF shall impose substantial discipline, up to and including termination, suspension without pay or demotion, upon any supervisor or manager who engages in sexual harassment or permits any such conduct to occur in his or her work area or among employees under his or her supervision, or who retaliates against any person who complains or participates in any investigation or proceeding concerning such conduct. MGF shall communicate this policy to all of its supervisors and managers verbally and in writing.

2. MGF shall advise all managers and supervisors of their duty to actively monitor their work areas to ensure employee compliance with the company's anti-harassment policies, and to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

3. MGF shall communicate this policy verbally and in writing to all other supervisors

and managers at the time they are hired or promoted to supervisor/manager, and subsequently, on an annual basis.

4. MGF shall evaluate all managers and supervisors on their compliance with Section VII on an annual basis and their compliance shall be considered in each manager and supervisor's performance evaluation.

## VIII. EXPUNGEMENT OF RECORDS AND DISCLOSURE OF INFORMATION REGARDING CLAIMANTS' EMPLOYMENT

A. MGF shall not disclose any information or make references to any charges of discrimination or this lawsuit in responding to employment reference requests for information about any of the Plaintiffs/Intervenors.

B. MGF shall remove from each Plaintiff/Intervenor's personnel file any termination notice that indicates that the Plaintiff/Intervenor is not eligible for rehire and any other references to his or her charge of discrimination against the Company and/or to this lawsuit, and shall retain such documents, if any, in sealed files separate and apart from all other personnel files.

C. From the date of entry of this Consent Decree, MGF shall not disclose in response to inquiries from potential employers, any information regarding any Plaintiff/Intervenor's employment with the Company except as follows:

1. In response to a specific inquiry, the Company may disclose the Plaintiff/Intervenor's dates of employment, position held and final rate of pay;

2. MGF may disclose information under Court order;

3. MGF shall advise managers and any officials or agents of MGF who are responsible for responding to employment reference checks of the foregoing.

## IX. REPORTS TO THE COMMISSION

A. <u>Training Reports:</u> Within thirty (30) days of completion of the training required by this Consent Decree, MGF will send the EEOC verification of its completion of harassment training for its employees in the form of a sworn declaration of completion from an agent of the corporation, copies of the acknowledgments of training signed by attendees, and a copy of all training materials used. See Section VI. A through B, above.

B. <u>Sexual Harassment/Retaliation Complaint Reports:</u> Within six (6) months after entry of this Consent Decree, and every six months thereafter, MGF will send the EEOC a report containing the following information and documentation covering the previous six-month period:

(1) Copies of any and all sexual harassment and/or retaliation complaints made/received by MGF since the submission of the immediately preceding report hereunder;

(2) The name, address, and telephone number of each complainant and the Company employee who received the complaint.

(3) A description of the investigation undertaken with respect to each complaint.

(4) The results of each investigation into sexual harassment and/or retaliation that MGF has undertaken since the submission of the immediately preceding report.

(5) A list of all records, documents and other writings relevant to each complaint and its respective investigation.

(6) MGF shall maintain a copy of each complaint; all records, documents and other writings relevant to each complaint and its respective investigation; and the result of each complaint/investigation for the duration of this Consent Decree.

(7) The EEOC may request copies of any or all of these documents in writing to MGF's counsel with notice of the request also delivered directly to MGF, and MGF shall provide the requested documents to the EEOC within ten (10) days.

**X. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

A. This Consent Decree shall terminate two (2) years from the date of entry by the Court, unless the Commission petitions this Court for an extension of this Consent Decree because of noncompliance by MGF. If the Commission determines that MGF has not complied with this Consent Decree, the Commission will provide written notification of the alleged breach to MGF and will not petition the Court for enforcement sooner than sixty (60) days after providing written notification. The sixty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the Commission petitions the Court and the Court finds MGF to be in substantial violation of the terms of this Consent Decree, the Court may extend this Consent Decree.

B. Except as provided in the preceding paragraph, two (2) years after the entry of this

Consent Decree, this lawsuit will be dismissed with prejudice, provided that the MGF has complied substantially with the terms of this Consent Decree. MGF will be deemed to have complied substantially if the Court has not made any findings or orders during the term of this Consent Decree that the MGF has failed to comply with any of the terms of this Decree.

DATED: May 20, 2011     By: /s/ William R. Tamayo
WILLIAM R. TAMAYO
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

DATED: May 20, 2011     By: /s/ Jonathan T. Peck
JONATHAN T. PECK
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

DATED: May 20, 2011     By: /s/ Debra A. Smith
DEBRA A. SMITH
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

*Attorneys for Plaintiff EEOC*

DATED: May 20, 2011     By: /s/ Michael Meuter
MICHAEL MEUTR
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.

DATED: May 20, 2011     By: /s/ Lisel A. Holdenried
LISEL A. HOLDENRIED
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.

DATED: May 20, 2011     By: /s/ Daniel P. Torres, Jr.
DAIEL P. TORRES, JR.
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.

*Attorneys for Plaintiffs/Intervenors Perez, Soto, Velasquez and Lucio*

DATED: May 20, 2011     BY: /s/ Jack C. Provine
JACK C. PROVINE
SHAPIRO BUCHMAN PROVIDNE BROTHERS SMITH, LLP.

DATED: May 20, 2011     BY: /s/ Bruce A. McIntosh
BRUCE A. McINTOSH
SHAPIRO BUCHMAN PROVIDNE BROTHERS SMITH, LLP.

*Attorneys for Defendant Monterey Gourmet Foods, Inc.*

///

1  **IT IS SO ORDERED:**

2  DATED: May 24, 2011

*Lucy H. Koh*

3  HON. LUCY H. KOH
US DISTRICT COURT JUDGE

# NOTICE TO EMPLOYEES

This NOTICE is being posted as part of an agreement between the United States Equal Employment Opportunity Commission (EEOC) and Monterey Gourmet Foods (MFG), and will be posted for a period of two years.

Title VII makes it unlawful for any covered employer to discriminate against any employee or applicant for employment because of sex, subject them to harassment because of their sex, or retaliate against anyone who complains of discriminatory practices or who participates in the investigation of a complaint or charge of discriminatory practices.

The Company respects the right of its employees and applicants for employment to work in an environment free from discrimination and affirms the following "Statement of Zero-Tolerance Policy and Equality Objectives":  Monterey Gourmet Foods is committed to maintaining a zero-tolerance policy concerning discrimination, harassment and retaliation, to swiftly responding to any acts of harassment or retaliation of which it becomes aware; to imposing appropriate discipline designed to deter future acts of harassment or retaliation; and to actively monitoring its workplace to ensure tolerance, respect and dignity for all employees.

Any employee who feels that he or she has been the subject of discrimination, harassment or retaliation should bring it immediately to the attention of his or her supervisor or to the Human Resources Manager; or, he or she may leave a written complaint in the "drop box" outside the HR office. No Company official will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

The EEOC is the federal agency responsible for enforcing the federal laws prohibiting employment discrimination. More information about the EEOC is available at www.eeoc.gov or (800) 669-4000.  The nearest EEOC office is in San Jose at 96 North Third Street.

DATED: _____         _____
                                      CEO, Monterey Gourmet Foods, Inc.